IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GWENDOLYN M. GUINN, a single person,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE(S) 1-10 and/or JANE DOE(S) 1 – 10, husband and wife; and HOME DEPOT U.S.A., INC., a foreign corporation,<br><br>　　　　　　　　Defendants. | NO.<br><br>DEFENDANT'S NOTICE OF REMOVAL<br><br>JURY DEMAND |

**TO:    Clerk of the United States District Court for the Eastern District of Washington:**

Please take note that Defendant Home Depot U.S.A., Inc. (hereinafter "Home Depot") hereby removes to this Court the State action described below in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

//

//

//

//

//

DEFENDANT'S NOTICE OF REMOVAL  – Page 1

### I.  STATE COURT ACTION

1. The State Court action to be removed *Gwendolyn M. Guinn v. Home Depot U.S.A., Inc.*, Yakima County Washington Superior Court No. 2020037739.  (Plaintiff's Complaint – **Exhibit A**).

### II.  TIME FOR REMOVAL

2. Plaintiff filed her action in Yakima County Superior Court on February 3, 2020.  The Complaint was served on Home Depot on February 6, 2020.  Home Depot therefore has until March 7, 2020, or 30 days after service of Plaintiff's Complaint, to move for removal to this Federal District Court.  28 U.S.C. § 1446(b).

### III.  BASIS FOR REMOVAL

3. A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).

#### A.  Amount in Controversy

4. Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

5. The preponderance of the evidence standard was recently re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758.  According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is

DEFENDANT'S NOTICE OF REMOVAL  – Page 2              **HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

  6. It is "facially apparent" from the nature of the claims alleged, and more likely than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes); see also *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks damages for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering,

loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement).

7. Similar damage allegations personal injury cases have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. See, e.g., *Easterling v. SmithKline Beecham Corp.*, No. 2:05 CV 35 KS-KMR, 2006 WL 1581322 (S.D. Miss. 2006) (in pharmaceutical/personal injury case, where plaintiff alleged serious and permanent injuries, mental anguish, medical expenses, loss of earnings and future earnings, pain and suffering, and sued for compensatory and punitive damages, it was facially apparent from face of complaint that plaintiff's damages allegations exceeded jurisdictional threshold of the court; motion for remand denied); accord *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 709-712 (S.D. Miss. 2004).

8. The face of the Complaint establishes that Plaintiffs seek damages in excess of $75,000. Plaintiff alleges that, on or about March 7, 2017, while she was shopping at the Home Depot store located at 2115 South 1st Street, Yakima, Washington, tripped and fell and was injured. Ex. A ¶5. Plaintiff Pamela Marrs alleges that as a result, she sustained personal injuries and damages which include, but are not limited to, property damage, health care expenses, lost income and/or lost earning capacity, pain and suffering, disability and loss of enjoyment of life. Ex. A ¶6. Plaintiff Pamela Marrs also alleges that she will suffer future health care expenses, lost income and/or lost earning capacity, pain and suffering, disability and/or loss of enjoyment of life. Ex. A ¶6.

9. A reasonable person would conclude that Plaintiff is seeking damages in excess of $75,000. That is, Plaintiff filed her Complaint in the Superior Court. In

Washington, the Superior Court has jurisdiction for claims seeking $100,000 or more while claims of less than $100,000 are filed in the State District Courts. RCW 2.08.010; 3.66.020; CR 101(a).

10. Attorneys' fees and costs of suit may be considered when determining if the amount in controversy exceeds $75,000 for purposes of establishing diversity jurisdiction. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Plaintiff seeks an award for Plaintiff's attorneys' fees and costs and other relief the Court shall deem equitable. Ex. A ¶6.

11. Therefore, it is apparent from the face of Plaintiff's Complaint that Plaintiff's alleged damages exceed $75,000.

12. Furthermore, on or about September 16, 2019, The Rawlings Company sent a letter to Home Depot claiming Plaintiff's health insurance was asserting a subrogation claim in the amount of $37,830.26, based upon Plaintiff's medical bills in the amount of $260,829.14 (in which $37,830.26 were paid). *Declaration of Kelsey L. Shewbert,* ¶3.

**B.    Diversity of Citizenship**

13. This is a personal injury action arising from damages allegedly sustained by Plaintiff Gwendolyn Guinn while shopping at a Home Depot store in Yakima, Washington.

14. Plaintiff's Complaint states that Plaintiff is a resident of Yakima County, Washington, and is therefore a Washington citizen. Ex. A, ¶1.

15. Home Depot is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia. For the purpose of removal based on diversity jurisdiction, defendant is a citizen of the states of Delaware and Georgia. 28 U.S.C.

§ 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010); *Declaration of Kelsey L. Shewbert,* ¶4.

### IV.     REQUIRED DOCUMENTS

16.    Home Depot will promptly file a copy of this Notice with the Clerk of the Yakima County Superior Court and will give written notice to all adverse parties.  28 U.S.C. § 1446(d).

17.    In accordance with 28 U.S.C. § 1446, attached are the following documents which have been served on Home Depot: **Exhibit A** – the Complaint;  and **Exhibit B** – Summons.

### V.     JURY DEMAND

18.    As permitted by Fed. R. Civ. P.  38, Fed. R. Civ. P. 81(c)(3), and Local Rule 38(d), Home Depot demands a Jury of 12.

WHEREFORE, Home Depot requests that the above action, the State Court action to be removed *Gwendolyn Guinn v. Home Depot U.S.A., Inc.*, Yakima County Washington Superior Court No. 2020037739, be removed to the United States District Court for the Eastern District of Washington.

DATED this 19th day of February, 2020. 2020.02.19 Notice

       HOLT WOODS & SCISCIANI LLP

       By *s/Dennis G. Woods*
       By *s/ Kelsey L. Shewbert*
         Dennis G. Woods, WSBA No. 28713
       dwoods@hwslawgroup.com
         Kelsey L. Shewbert, WSBA No. 51214
       kshewbert@hwslawgroup.com
       Attorney for Home Depot U.S.A., Inc.

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Holt Woods & Scisciani LLP.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO /PLAINTIFF**<br>Sidney Ottem<br>Brumback & Ottem, PLLC<br>P.O. Box 3210<br>Union Gap, WA 98903<br>sid@brumbackottem.com | **(X)  Via U.S. Mail**<br>**(X)  Via E-Mail**<br>(  )  Via Facsimile<br>(  )  Via Overnight Mail |

DATED this 19th day of February, 2020

*s/Christie Kramer*
Christie Kramer, Legal Assistant